```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                 CASE NO. 07-60077-CIV-ZLOCH
```

JORGE G.Z. CALIXTO,

      Plaintiff,

vs.                                    **O R D E R**

BASF CONSTRUCTION CHEMICALS,
LLC, and WATSON BOWMAN ACME
CORP.,

      Defendants.
_____/

      THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

      The Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. That Section provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2) (2006). The dictates of § 1332 moor federal courts to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. In Healy v. Ratta, 292 U.S. 263, 270 (1934), Justice Stone noted that "[d]ue regard for the rightful independence of state governments, which should actuate federal

courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Id.

These limits stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799). Therefore, the facts establishing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984 & Supp. 2008).

A review of the Complaint (DE 1) reveals that the requisite diversity of citizenship as to Plaintiff and Defendant BASF Construction Chemicals, LLC, is not apparent on its face. The Complaint states, in pertinent part:

> PLAINTIFF, JORGE G.Z. CALIXTO ("Calixto"), by and through his undersigned counsel, brings this action against Defendants, BASF CONSTRUCTION CHEMICALS, LLC ("BASF") and WATSON BOWMAN ACME CORP. ("WABO"), and states.
>
> . . . .
>
> 2. Calixto, an individual, is an alien, a resident and citizen of Brazil . . . .
>
> 3. BASF is a Delaware corporation with its principal place of business in Ohio . . . .

> 4. WABO is a Delaware corporation with its principal place of business in New York.

DE 1, pp 1-2.

In both the style of the Complaint and the introduction paragraph quoted above, Plaintiff refers to BASF as an LLC; however, paragraph 3 of the jurisdictional allegations alleges BASF's citizenship as if it were a corporation. For diversity purposes an LLC is a citizen of each state its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020, 1022 (11th Cir. 2004) ("A limited liability company is a citizen of any state of which a member of the company is a citizen."). The citizenship of BASF's members is necessary for the Court to determine whether it has jurisdiction over this matter. Because, as the Eleventh Circuit has noted, it is a "standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign [parties] on both sides of the action, without the presence of citizens of a state on both sides." Iraola & CIA, S.A. v. Kimberly-Clark Corp., J.N., 232 F.3d 854, 860 (11th Cir. 2000). Therefore, Plaintiff and Defendant BASF Construction Chemicals, LLC shall engage in jurisdictional discovery for the Court to determine the citizenship of BASF and whether it has subject matter jurisdiction over this action.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that on or before noon Friday, May 2, 2008, Plaintiff Jorge Calixto shall file Affidavits and Exhibits

sufficient for the Court to establish the citizenship of Defendant BASF Construction Chemicals, LLC's members and this Court's jurisdiction over the above-styled cause.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __22nd__ day of April, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record