```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 07-60077-CIV-ZLOCH
```

JORGE G.Z. CALIXTO,

      Plaintiff,

vs.                              **OMNIBUS ORDER**

BASF CONSTRUCTION CHEMICALS,
LLC, and WATSON BOWMAN ACME
CORP.,

      Defendants.
_____/

THIS MATTER is before the Court upon Defendants BASF Construction Chemicals, LLC and Watson Bowman Acme Corp.'s Motion For Protective Order (DE 32), Plaintiff Jorge G.Z. Calixto's Motion To Compel (DE 35), Plaintiff Jorge G.Z. Calixto's Motion To Dismiss (DE 53), and Defendants BASF Construction Chemicals, LLC and Watson Bowman Acme Corp.'s Memorandum Of Law Regarding The Applicable Choice Of Law (DE 45), which the Court construes as a motion for the Court to determine the applicable substantive law.  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

## I. Background

Plaintiff is a resident and citizen of Brazil and the owner of a United States patent and trademark for the "Jeene", a well-known expansion joint-system used in the construction industry.  Jeene provides a waterproof seal between concrete slabs that permits the concrete to expand and contract with the weather conditions.  This

waterproof seal ameliorates the natural wear and tear that inclement conditions have on concrete structures. Defendants are BASF Construction Chemicals, LLC (hereinafter "BASF) and Watson Bowman Acme Corp. (hereinafter "WABO"). At the time this case was filed, BASF's sole member was BASF US Verwaltung GmbH, a citizen of Germany. DE 52, ¶ 1. In December of 2007 its membership changed, and BASF's sole member is now BASF Corporation, which is incorporated in Delaware with its principal place of business in New Jersey. Id. WABO is incorporated in Delaware with its principal place of business in New York.

On November 23, 2003, Plaintiff negotiated an Asset Purchase Agreement (hereinafter the "Agreement") with Construction Research Technology, GmbH (hereinafter "CRT"). The Agreement transferred title of the patented method and Jeene trademark to CRT for certain geographic areas. Prior to the Agreement being formed, Plaintiff and Defendant WABO entered into a series of license agreements that gave WABO certain rights to use the Jeene patent and trademark. In November of 2003, WABO was a wholly owned subsidiary of Degussa Construction Chemicals Corp. (hereinafter "Degussa Corp."), which in turn was a wholly owned subsidiary of Degussa AG, a German company. CRT held title to the intellectual property used by Degussa Corp. and its subsidiaries. In June of 2006, BASF acquired the construction chemical business of Degussa AG, and it became known as BASF Construction Chemicals, LLC.

Plaintiff alleges that while he and CRT were negotiating the Agreement, they were simultaneously negotiating a license agreement for the Asia/Pacific territory. The Agreement provided that if an agreement could not be reached, no affiliate of CRT or any successor was to import, manufacture, distribute, or sell any product using the method of the patent or the trademark in the Asia/Pacific Territory. Plaintiff alleges that after the Agreement was signed, but before an agreement was made concerning the Asian territory, Degussa, WABO, and their affiliates began selling a counterfeit product produced by Plaintiff's patented method and marketed under the name "Aladdin." Plaintiff alleges that this conduct violates the Agreement.

Plaintiff filed several state suits in an attempt to remedy this apparent breach of the Agreement. For various reasons Plaintiff voluntarily dismissed his suits and filed this action alleging tortious interference with contract by Defendants. Plaintiff's claim against WABO is premised on the fact that it continues to use the Jeene trademark and patent in the Asia/Pacific Territory in contravention of the Agreement. The allegation against BASF is that it knowingly allowed its wholly owned subsidiary WABO to continue to use the Jeene patent without Plaintiff's permission, and that BASF acquired certain rights to the patent in contravention of the Agreement. DE 13, pp. 10-11. Plaintiff alleges injury in the form of monetary damages, lost

3

sales, and irreparable injury to his reputation and goodwill.

Upon being served with the Complaint, Defendants filed a Motion To Dismiss (DE 9) for failure to state a claim upon which relief could be granted, which the Court denied. See DE 23. Among the issues raised in Defendants' Motion was the substantive law that would apply to Plaintiff's claims. Because of the limited Record before the Court at the time the Motion was filed, the Court did not reach the choice-of-law issue. Later, at a status conference held on April 3, 2008, Defendants asked that in an effort to simplify the issues for the Parties that the Court determine the law that will govern this action. The Court then directed the Parties to provide further briefing as to this issue.

Simultaneous to the Parties briefing the choice-of-law issue, the Court sua sponte ordered the Parties to brief whether the Court had subject matter jurisdiction over this action. See DE 49. The Complaint did not list the citizenship of all members of BASF Construction Chemical, LLC as required to establish diversity jurisdiction. Id. The Court ordered the Parties to engage in jurisdictional discovery and for Plaintiff to provide the Court with briefing as to the citizenship of BASF's membership. After engaging in jurisdictional discovery, it was determined that at the time this suit was filed Defendant BASF Construction Chemical, LLC's sole member was a foreign corporation. Thus, diversity was defeated in this case, and the Court would be without jurisdiction

4

if BASF remained as a party.  See DE Nos. 51 & 52.

## II. Plaintiff's Motion To Dismiss

After determining that diversity jurisdiction did not exist, Plaintiff filed the instant Motion To Dismiss (DE 53).  In the Motion, Plaintiff argues that the Court should dismiss Defendant BASF Construction Chemical, LLC, under Rule 21 as a dispensable party.  In their Response (DE 56) Defendants stated that "BASF believes that it is not an indispensable party to this action." DE 56, p. 2. Federal Rule of Civil Procedure 21 covers misjoinder and nonjoinder of Parties.  It allows the Court to drop a party from a case, if the improperly joined party would defeat the Court's jurisdiction.  7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1685 (2001).  The only restriction upon a Court dismissing a party as improperly joined is when the party is indispensable under Rule 19.  None of the various factors listed in Rule 19 are applicable to BASF in this action.  Therefore, the Court shall grant Plaintiff's Motion To Dismiss (DE 53), and dismiss BASF under Rule 21 as improperly joined.

## III. Choice of Law

As noted above, the Defendants first raised the issue of what substantive law should apply to Plaintiff's claims in their Motion To Dismiss (DE 9).  By prior Order (DE 23), the Court denied the Motion To Dismiss because the legal issues raised therein "[would] be more properly addressed in a Motion for Summary Judgment, when

discovery may present the Court with a full record upon which it may address and decide said issues." DE 23, p. 2. Thus, the Court did not decide the applicable substantive law for Plaintiff's claims. At a recent Status Conference, Defendants' Counsel stated that it would be helpful if the Court determined the substantive law applicable to the claims earlier rather than later on a motion for summary judgment. However, despite further briefing by the Parties and for the reasons expressed below, the Court stands by its initial determination that discovery is necessary for the Court to determine the applicable substantive law.

Plaintiff's Complaint invokes this Court's diversity jurisdiction. A federal district court sitting in diversity applies the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Because Florida is the forum state, its choice-of-law rules control. Id. Florida resolves conflict-of-laws questions by applying the "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws. Bishop v. Fla. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980); Grupo Televisa, S.A. v. Telemundo Commc'n Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007). The most significant relationship test is comprised of the following four factors: 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of

business of the parties; and 4) the place where the parties' relationship is centered.  Bishop, 389 So. 2d at 1001.

Plaintiff argues that a conflict-of-law determination must be based on a complete factual record and he refers the Court to Grupo Televisa, where the Court made its choice-of-law determination at the summary judgment stage.  Grupo Televisa, S.A., 485 F.3d at 1240.  Plaintiff also maintains the position that the substantive law of Brazil applies, because under the first factor the ultimate injury he suffered was in Brazil.  DE 13.

In contrast to Plaintiff's position, Defendants argue that the record contains sufficient evidence for the Court to determine the law that will be applied in this action.  It is their position that the second Bishop factor is the most relevant, and that the Court should presume the place where the conduct causing the injury occurred is the Defendants' respective principal places of business.  DE 45, p. 5.  Defendants cite Grupo Televisa for this premise.  The principle, if accurate, would support Defendants' position, but nothing within their pleadings or the Court's own research supports such a proposition.

Although Grupo Televisa acknowledged that the principal location of the defendant's conduct is the single most important contact to consider, the court did not presume, as a rule, that a defendant's principal place of business is always the place where such conduct occurred.  See Grupo Televisa, S.A., 485 F.3d at 1241,

7

1246.  Rather, the Grupo Televisa court made its choice-of-law determination based on a complete factual record that detailed several meetings and discussions that established the conduct causing the injury.  Id. at 1237-38.  Because the record supported a finding that much of the behavior that undergirded the suit's allegations occurred at defendant's principal place of business, the Court held that the law of that state, Florida, would apply.  To be clear, the Grupo Televisa court did not rely on a formal principle for this finding.  It simply applied the facts in the record to the factors under Bishop to determine the applicable law.  It was mere coincidence that the place where the underlying actions that gave rise to a tortious interference with contract claim was also where that defendant's principal place of business was located.  Id. at 1246. It may turn out that a defendant's principal place of business is the place where the tort was committed; however, that fact is not something the Court will assume.  In the instant action, without the benefit of a record as to the facts of how and where Defendants tortuously interfered with Plaintiff's contract, the Court cannot make a determination as to the substantive law that will be applied to Plaintiff's claims.

The facts in the record also do not provide sufficient evidence for the Court to analyze the third and fourth Bishop factors.  The locations of the respective Parties are diverse, and thus the third Bishop factor does not assist the Court in making

8

its determination. Also, under the fourth <u>Bishop</u> factor the record does not indicate where the Parties' relationship is centered. Thus, based on the factual record before it the Court cannot determine the jurisdiction that has the most significant relationship to the case. Therefore, under the record before it, the Court cannot fully evaluate the factors set forth in <u>Bishop</u> to make a determination of the applicable substantive law.

### IV. <u>Pending Discovery Motions</u>

Before the Court ordered jurisdictional discovery concerning BASF's citizenship several discovery motions were pending. Due to BASF being dismissed in this action, the Court will deny the Motion For A Protective Order filed by Defendants without prejudice and with leave to refile after Plaintiff serves discovery requests tailored to Defendant Watson Bowman's role in this action. In addition, the Court will deny Plaintiff's Motion To Compel against BASF, because it is no longer a party to this action.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendants BASF Construction Chemicals, LLC and Watson Bowman Acme Corp.'s Motion For Protective Order (DE 32) be and the same is hereby **DENIED** without prejudice and with leave to re-file;

2. Plaintiff Jorge G.Z Calixto's Motion To Compel (DE 35) be and the same is hereby **DENIED**;

3. Plaintiff Jorge G.Z Calixto's Motion To Dismiss (DE 53) be

9

and the same is hereby **GRANTED**;

  4. Pursuant to Federal Rule of Civil Procedure 21, Defendant BASF Construction Chemicals, LLC be and the same is hereby **DISMISSED** from the above-styled cause; and

  5. Defendants BASF Construction Chemicals, LLC and Watson Bowman Acme Corp.'s Memorandum Of Law Regarding The Applicable Choice Of Law (DE 45), which the Court construes as a motion for the Court to determine the applicable substantive law, be and the same is hereby **DENIED**.

  **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___19th___ day of June, 2008.

              _/s/ William J. Z_
              WILLIAM J. ZLOCH
              United States District Judge

Copies furnished:

All Counsel of Record