UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60077-CIV-ZLOCH

JORGE G.Z. CALIXTO,

    Plaintiff,

vs.    **O R D E R**

WATSON BOWMAN ACME
CORP.,

    Defendant.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    Plaintiff alleges that Defendant tortiously interfered with a contract between Plaintiff and Construction Research and Technology, GmbH, and said claim is premised on the allegation that Defendant continues to use the "Jeene" trademark and patent in the Asia/Pacific territory in contravention of the contract. Plaintiff alleges injury in the form of monetary damages, lost sales, and irreparable injury to his reputation and goodwill. Upon being served with the Complaint, Defendant filed a Motion To Dismiss (DE 9) for failure to state a claim upon which relief could be granted, which the Court denied. See DE 23. Among the issues raised in Defendant's Motion was the substantive law that would apply to Plaintiff's claims. Because of the limited record before the Court at the time the Motion was filed, the Court did not reach the choice-of-law issue. Later, at a status conference held on April

3, 2008, Defendant asked that the Court determine the law that will govern this action so as to simplify the issues for the Parties. The Court then directed the Parties to provide further briefing as to this issue.

After reviewing the Parties' pleadings and the applicable law, the Court denied Defendant's Motion (DE 45) for the Court to determine the substantive law for this case, finding that more discovery was necessary and that it would address this issue at the summary judgment phase. See DE 59, p. 6. As the case proceeded, the Parties filed several discovery motions, both to compel production and for protective orders. As a result, meaningful discovery began in September of 2008.

Currently, there are pending discovery motions (DE Nos. 83, 86 & 89), some of which would require significant expenditures of time and money by the Parties. Given the nature of this case, the discovery potentially required, and the pending motions, it is clear that the Court's summary judgment deadlines cannot be enforced. Thus, in consideration of the cost of the discovery at issue in the pending motions, the likelihood that the Court's ruling as to the applicable choice of law could render some or all of that discovery superfluous, the Court shall render a determination on the substantive law that will apply to Plaintiff's claims prior to ruling on said Motions. Further, the Parties will have had ample opportunity to conduct discovery sufficient to address the choice-of-law issue by the deadline provided below.

Therefore, the Court shall deny the pending Motions, without prejudice, and with leave to refile after the Court's choice-of-law determination. Further, the Court shall stay the above-styled cause with respect to all issues other than the choice-of-law issue and the discovery attendant to that determination that the Parties may need. Thus, all discovery not necessary for the choice-of-law determination is stayed pending the Court's ruling on the applicable substantive law. After said ruling, the Court shall hold a Status Conference to determine how the case will proceed.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion To Compel (DE 83), Plaintiff's Motion To Compel (DE 86), and Plaintiff's Motion For Issuance Of Letters Of Request (DE 89) be and the same are hereby **DENIED** without prejudice and with leave to refile after the Court rules on the choice-of-law issue;

2. As per the Court's prior Order Resetting Pre-Trial Conference (DE 82), the Parties may engage in discovery through and including March 20, 2009; however, it shall be limited to that which is necessary for the choice-of-law determination;

3. The Pre-trial Conference previously set for April 10, 2009, be and the same is hereby **CANCELLED**, and the Court shall set a Status Conference after ruling on the choice-of-law issue;

4. By <u>noon</u> on <u>Tuesday, April 7, 2009</u>, Defendant shall submit

a Memorandum together with any Affidavits and Exhibits establishing for the Court the substantive law that should apply to this case;

    5. By <u>noon</u> on <u>Tuesday, April 21, 2009</u>, Plaintiff shall file his Memorandum In Opposition together with any Affidavits and Exhibits; and

    6. By <u>noon</u> on <u>Tuesday, April 28, 2009</u>, Defendant shall file its Reply, if any.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  3rd  </u> day of February, 2009.

 

                              */s/ William J. Zloch*
                              WILLIAM J. ZLOCH
                              United States District Judge

Copies furnished:

All Counsel of Record